UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
C.A. NO. 1:13-cv-00179-TDS-JLW

**VICKIE DOWDY,**

Plaintiff,

vs.

**GC SERVICES LIMITED PARTNERSHIP,
and DOES 1 THROUGH 10,**

Defendant.

## ANSWER

**NOW COMES** Defendant GC Services Limited Partnership, by and through counsel, and pursuant to Rule 12 of the Federal Rules of Civil Procedure, as and for its Answer to the Complaint in the above-entitled matter, denies each and every allegation contained therein, unless otherwise admitted or qualified herein, and states and alleges as follows:

### FIRST DEFENSE AND ANSWER

The answering defendant responds to the specific allegations of the Complaint as follows:

### I. INTRODUCTION

1. It is admitted that the plaintiff seeks recovery for alleged violations of the Fair Debt Collection Practices Act and the North Carolina Debt Collection Practices Act. It is specifically denied that defendant violated either Act or otherwise engaged in abusive, deceptive and/or unfair practices. Except as admitted, the allegations contained in paragraph 1 of the Complaint are denied.

## II. JURISDICTION

2. The allegations contained in paragraph 2 of the Complaint are legal conclusions and no response is required. To the extent a response is required, the same are denied.

## III. PARTIES

3. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 3 of the Complaint and the same are therefore denied.

4. It is admitted that defendant is a foreign limited partnership engaged in collecting debts in North Carolina with a principal place of business in Texas. It is further admitted that defendant, at times, attempts to collect debts alleged to be due to another. Except as admitted, the allegations contained in paragraph 4 of the Complaint are denied.

5. It is admitted that, at times, defendant engages in the collection for debts from consumers using the mail and telephone. It is admitted that, at times, defendant attempts to collect consumer debts alleged to be due to another. It is admitted that, at times, defendant is a debt collector as defined by the FDCPA. Except as admitted, the allegations contained in paragraph 5 of the Complaint are denied.

## IV. FACTUAL ALLEGATIONS

6. It is admitted that defendant contacted plaintiff within one year of the filing of the Complaint regarding payment of a debt owed by plaintiff. Defendant is without sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 6 of the Complaint and the same are therefore denied.

7. It is admitted that defendant attempted to collect a debt from plaintiff. Defendant is without sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 7 of the Complaint and the same are therefore denied.

8. The allegations contained in paragraph 8 of the Complaint are admitted.

9. The allegations contained in paragraph 9 of the Complaint are denied.

10. The allegations contained in paragraph 10 of the Complaint are denied.

11. The allegations contained in paragraph 11 of the Complaint are denied.

12. The allegations contained in paragraph 12 of the Complaint are denied.

13. The allegations contained in paragraph 13 of the Complaint are denied.

14. The allegations contained in paragraph 14 of the Complaint are denied.

## V. FIRST CLAIM FOR RELIEF

15. The admissions, denials and averments set forth above are realleged and incorporated herein by reference.

16. The allegations contained in paragraph 16 of the Complaint, including all subparts, are denied.

17. The allegations contained in paragraph 17 of the Complaint are denied.

## VI. SECOND CLAIM FOR RELIEF

18. The admissions, denials and averments set forth above are realleged and incorporated herein by reference.

19. The allegations contained in paragraph 19 of the Complaint are denied.

20. The allegations contained in paragraph 20 of the Complaint are legal conclusions and no response is required. To the extent a response is required, the same are denied.

21. It is admitted that defendant has a collection agency license permit issued by the state of North Carolina. To the extent the allegations contained in paragraph 21 of the Complaint are legal conclusions, no response is required. To the extent a response is required and except as otherwise admitted, the allegations contained in paragraph 21 of the Complaint are denied.

22. The allegations contained in paragraph 22 of the Complaint, including all subparts, are denied.

23. The allegations contained in paragraph 23 of the Complaint are denied.

24. The allegations contained in paragraph 24 of the Complaint are denied.

## SECOND DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

Any violation of the law or damage suffered by Plaintiff, which defendant denies, was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any liability of defendant.

## FOURTH DEFENSE

Any violation of the FDCPA, which defendant denies, was not intentional and resulted, if at all, from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors, if applicable.

## FIFTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which defendant denies, was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any claim of damages against defendant.

### SIXTH DEFENSE

To the extent the Plaintiff is entitled to damages, which is specifically denied, the plaintiff's recovery is limited to the statutory limitations set forth in 15 U.S.C. §1692 and N.C. Gen. Stat. §58-70-90.

### SEVENTH DEFENSE

To the extent the events alleged occurred more than one year prior to the filing of the Complaint, the statute of limitations set forth in 15 U.S.C. §1692k is pled as an absolute bar to plaintiff's recovery.

**WHEREFORE,** defendant respectfully requests:

1. The plaintiff have and recover nothing of the defendant;
2. The Complaint be dismissed with prejudice;
3. The defendant have and recovery its attorney's fees and costs as provided by statute; and
4. For such other and further relief as this Court deems necessary and appropriate.

This the 25th day of March, 2013.

/s/ Caren D. Enloe
Caren D. Enloe
Morris, Manning & Martin, LLP
NC State Bar No. 17394
PO Box 12768
Research Triangle Park, NC 27709
Telephone: (919)806-2969
Facsimile: (919)806-2057

cenloe@mmmlaw.com
*Counsel for the defendant GC Services Limited Partnership*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was served electronically upon the following via CM/ECF:

Christopher D. Lane
The Law Office of Christopher D. Lane
3802 Clemmons Road, suite A
Clemmons, NC 27012
cdllaw@juno.com

This the 25th day of March, 2013.

/s/ Caren D. Enloe
Caren D. Enloe
Morris, Manning & Martin, LLP
NC State Bar No. 17394
PO Box 12768
Research Triangle Park, NC 27709
Telephone: (919)806-2969
Facsimile: (919)806-2057
cenloe@mmmlaw.com
*Counsel for the defendant GC Services Limited Partnership*